| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** CV 16-02375 SJO (PJWx)     **DATE:** May 24, 2016

**TITLE:**     Shetty v. The Bank of New York Mellon et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                 Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** [Docket. No. 13]; **DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE APPEARANCE OF COUNSEL AS UNAUTHORIZED** [Docket No. 20]

These matters are before the Court on Plaintiff Satish Shetty's ("Plaintiff") (1) Motion for Remand to State Court ("Remand Motion"), filed April 22, 2016; and (2) Motion to Strike Appearance of Counsel as Unauthorized ("Strike Motion"), filed May 2, 2016. Defendants The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificate holders of the CWMBS Inc., CHL Mortgage Pass-through Trust 2007-HYBI ("BONY") and Seaside Trustee Inc. ("Seaside") (together, "Defendants") opposed both the Remand Motion ("Remand Opposition") and Strike Motion ("Strike Opposition") on May 16, 2016. Plaintiff replied on May 19, 2016. The Court found these matter suitable for disposition without oral argument and vacated the hearings set for June 6, 2016.[1] *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Remand Motion and **DENIES AS MOOT** Plaintiff's Strike Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

    A.     Factual Allegations and Background

On February 22, 2016, Plaintiff, proceeding in *pro per*, commenced a civil action in the Superior Court of the State of California for the County of Ventura in Case No. 56-2016-00478531-CU-OR-VTA (the "State Court Action") against BONY and Seaside. (*See* Notice of Removal, Ex. 1 ("Compl.") pp. 9-21, ECF No. 1.) Plaintiff alleges the following in his Complaint.

Plaintiff is a resident of the County of Los Angeles and is the present owner of real property located at 28 Ilex Drive, Newbury Park, California (the "Property"). (Compl. ¶¶ 1-2.) Plaintiff

---

[1] Pursuant to the parties joint stipulation, the Court continued the hearing on the Remand Motion from May 23, 2016 until June 6, 2016, consequently rendering Defendants' Remand Opposition timely. (*See* Order Granting Req. to Continue Pl.'s Remand Mot., ECF No. 24.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 16-02375 SJO (PJWx)</u>           DATE: <u>May 24, 2016</u>

purchased the Property on or about October 11, 2013 from Shadowrun Thousand Oaks Owner Association, through a corporation owned by Plaintiff named Tatonka Acquisitions Inc. ("Tatonka"). (Compl. ¶ 7.) Plaintiff thereafter transferred title from Tatonka to himself on February 16, 2016. (Compl. ¶ 7.)

On or about December 15, 2006, Morgan Thorpe and Richard Thorpe executed a Deed of Trust naming Countrywide Home Loans, Inc. ("Countrywide") as the Lender, Recon Trust Company, N.A. ("Recon") as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary with a security interest in a Note in the amount of $460,000 secured against the Property. (Compl. ¶ 11, Exs. A, B.) On or about July 1, 2011, an individual named Miguel Romero ("Romero"), purporting to be a Vice President of MERS, executed a document titled "Assignment of Deed of Trust" ("Assignment") purporting to assign the Deed of Trust to BONY. (Compl. ¶ 12, Ex. C.) The Assignment was prepared by an individual named Diana DeAvila ("DeAvila") and was recorded in Ventura County's official records on July 12, 2011. (Compl. ¶ 12.) Neither MERS nor DeAvila, however, are or ever have been agents of Countrywide. (Compl. ¶ 14.) Romero, meanwhile, neither is nor was a Vice President or employee of MERS or Countrywide; rather, he is a "well known robo signer" for Bank of America, which is his employer. (Compl. ¶¶ 15, 17.)

On June 30, 2015, an individual named Robert G. Hall ("Hall"), falsely purporting to be an Assistant Secretary to MERS and a nominee for Countrywide, executed a document titled "Corrective Assignment of Deed of Trust," purporting to correct the name of the assignee on the Deed of Trust. (Compl. ¶¶ 18, 20, Ex. D.) Hall, however, is another well-known robo signer who has acknowledged under penalty of perjury that he is instead a Vice President of Bayview Loan Servicing, LLC ("BLS"), a Delaware limited liability corporation, and has never been an employee or agent of MERS or Countrywide. (Compl. ¶¶ 19, 22.)

On September 22, 2015, an entity called Servicelink caused a document titled "Notice of Default and Election to Sell under a Deed of trust" ("Notice of Default") executed by one E. Bouche, purporting to be the Vice President of Seaside, to be recorded in the official records of Ventura County as document number 20150922-00141910-0. (Compl. ¶ 23, Ex. E.) According to this document, Seaside claims to be an original trustee, the duly appointed substituted trustee, or an agent for the trustee or beneficiary under the Deed of Trust. (Compl. ¶ 24.) Seaside is none of these things, but is instead an agent of BLS, which is neither the original trustee, substituted trustee, or agent for the trustee or beneficiary under the Deed of Trust. (Compl. ¶¶ 25-28, 31.) On October 15, 2015, an individual named Melissa B. Olamos, an employee and assistant of Seaside, executed a document titled "Notice of Rescission of Notice of Default" ("Notice of Rescission"), recorded as instrument number 20151019-00154404-0. (Compl. ¶ 32, Ex. F.)

On February 1, 2016, Plaintiff requested a notice pursuant to California Civil Code § 2924(b), which was recorded as instrument number 20160217-00018934-0. (Compl. ¶¶ 9, 33, Ex. G.) Notwithstanding the Notice of Rescission, on February 2, 2016, Seaside caused a document titled "Notice of Trustee's Sale" to be recorded in the official records, purporting to sell the Property at

JS-6

Case 2:16-cv-02375-SJO-PJW Document 29 Filed 05/24/16 Page 3 of 4 Page ID #:321

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 16-02375 SJO (PJWx)**     DATE: **May 24, 2016**

a public auction on February 23, 2016. (Compl. ¶¶ 10, 34, Ex. H.) Plaintiff did not receive the Notice of Default prior to the recordation of the Notice of Trustee's Sale. (Compl. ¶ 35.) BONY has never received any assignment of the Deed of Trust from Countrywide. (Compl. ¶ 21.)

Based on the foregoing factual allegations, Plaintiff asserts the following causes of action: (1) violation of California Civil Code §§ 2924, 2923.55(b)(2), and 2934a ("HBOR Claims"); (2) cancellation and expungement of written instruments ("Cancellation Claim"); (3) quiet title ("Quiet Title Claim"); and (4) declaratory judgment ("Declaratory Judgment Claim"). (*See generally* Compl.)

II.     DISCUSSION

    A.     The Remand Motion

In his Remand Motion, Plaintiff raises several arguments as to why the Court should remand the instant action to state court. First, Plaintiff argues that remand is proper because Defendants' removal was not timely. (Remand Mot. 5-6, ECF No. 13.) Second, Plaintiff argues that the Court must remand because Defendants failed to comply with other procedural aspects of removal, including filing "all of the pleadings, process and orders served on the removing defendant in the State action" and filing a copy of their Notice of Removal with the state court clerk. (Remand Mot. 6-7.) Third, Plaintiff contends that because default was entered against Defendants in the State Court Action, it cannot now file an answer nor can it properly remove the case to federal court. (Remand Mot. 8.) Finally, Plaintiff contends that the case must be remanded because there is the Court lacks jurisdiction to hear the case. (Remand Mot. 9-10.) The Court finds the fourth of these arguments to be persuasive, and accordingly **GRANTS** the Remand Motion.

Under section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). Plaintiff does not dispute that Seaside's headquarters are in Nevada. (*See* Pl.'s Opp'n to Decl. of Seaside Trustee.) Rather, Plaintiff contends that Seaside's principal place of business is in California, thereby defeating diversity jurisdiction.

The Court lacks any evidence regarding Seaside's principal place of business. Defendants claim to have submitted evidence that Seaside's place of business is located in the state of Nevada, but have failed to properly introduce any such evidence. Defendants first cite to a "Request for Judicial Notice ('RJN'), Exhibit 1," but the only "Request for Judicial Notice" on the record is ECF No. 5, Exhibit 1 of which lacks any information regarding Seaside. (*See* Req. for Judicial Notice, Ex. 1, ECF No. 5-1.) Defendants also cite to paragraph 4 of the Declaration of Seaside Trustee, Inc. ("Seaside Declaration"), but this declaration violates 28 U.S.C. section 1746 because it does not indicate where it was signed by Ms. Weber. *See* 28 U.S.C. § 1746 (requiring that a declaration either be sworn "under penalty of perjury under the laws of the United States of America," or that it be "executed in the United States, its territories, possessions, or commonwealths"). Moreover,

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: CV 16-02375 SJO (PJWx)          DATE: May 24, 2016

the Court expresses doubts regarding the veracity of the Seaside Declaration—in which Ms. Weber declares that Seaside "does not maintain an office in California"—in light of Seaside's publicly available website listing (1) a telephone number with a Ventura County area code; (2) that Seaside was incorporated in the State of California on December 21, 2007; and (3) that Seaside "handles non-judicial foreclosure processing" in the State of California. *See* About Us, SEASIDE TRUSTEE (last visited May 23, 2016), http://seasidetrustee.com/.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d at 566 (citing *Nishimoto*, 903 F.2d at 712 n. 3). Defendants have failed to meet this burden. Accordingly, the Court **GRANTS** the Remand Motion and **REMANDS** the instant action to the Superior Court of the State of California for the County of Ventura.

    B.    <u>The Strike Motion</u>

Because the Court finds remand to be proper, the Court need not consider the merits of Plaintiff's Strike Motion. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Strike Motion.

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand to State Court and **DENIES AS MOOT** Plaintiff's Motion to Strike Appearance of Counsel as Unauthorized. This matter shall close.

IT IS SO ORDERED.

                                                                                                                                Vpc